**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JODY BOROCHOFF,

                **Plaintiff,**

-vs-                                                        **Case No. 6:08-cv-604-Orl-31KRS**

ADMINISTAFF CLIENT SERVICES, L.P.,

                **Defendant.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND [TO] DISMISS ACTION WITH PREJUDICE (Doc. No. 23)**
>
> **FILED:**      **February 27, 2009**

## I. PROCEDURAL HISTORY.

    This case was brought by Plaintiff Judy Borochoff under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Borochoff and Defendant Administaff Client Services, L.P., seek the Court's approval of their settlement.

    The parties represent that Borochoff will receive $10,300.00 as a settlement of her FLSA claims. Doc. No. 23 ¶ 5. The settlement agreement reflects that this amount consists of $5,150.00 in unpaid compensation and an equal amount in liquidated damages. Doc. No. 23-2 at 2.

In her answers to the Court's interrogatories, Borochoff averred she was owed $12,687.50 in unpaid overtime compensation. Doc. No. 12 at 4. The parties represent, alternately, that "[a]fter reviewing Defendant's payroll record, Answer and Affirmative Defenses, the Plaintiff is satisfied that the amount she is to receive does not represent a compromise of her claims . . . ," Doc. No. 23 ¶ 7, and that "the range of possible (but not probable) recoveries would be from $0.00 (zero) to approximately $20,000.00 plus liquidated damages, and attorney's fees and costs." *Id.* ¶ 10. Accordingly, the Court requested additional briefing. Doc. No. 25. In response, Borochoff filed an affidavit certifying that she is "satisfied that [she is] only entitled to $5,150.00 in unpaid overtime and $5,150.00 in liquidated damages and the amount [she is] to receive pursuant to the settlement of this matter represents full compensation of [her] FLSA claim." Doc. No. 26-2 ¶ 5.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case in which

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III. ANALYSIS.

### A. *Settlement Recovery.*

Borochoff avers that she is "only entitled to $5,150.00 in unpaid overtime and $5,150.00 in liquidated damages," Doc. No. 26-2 ¶ 5, rather than the amount she initially averred she was due. The parties represent that Borochoff's attorney counseled and represented her throughout the litigation and settlement process. Doc. No. 23-2 at 5 ¶ 18. The Settlement Agreement reflects that Borochoff voluntarily entered into the settlement. *Id.*

In light of Borochoff's affidavit, the Court finds she has not compromised her claim. Accordingly, the Court need not scrutinize the settlement further to consider whether the payment to Plaintiff's attorney is reasonable.

*B.     Fairness Finding.*

Borochoff has not compromised her FLSA claim.  Accordingly, I find the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.  The Court need not approve the other provisions of the settlement agreement.  I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

**IV.   RECOMMENDATION.**

For the forgoing reasons, I respectfully recommend that the Court do the following:

1.  **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2.  **GRANT** the Joint Motion for Approval of Settlement and [To] Dismiss Action with Prejudice (Doc. No. 23);

3.  **PROHIBIT** counsel for Borochoff from withholding any portion of the $10,300.00 payable to Borochoff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4.  **ORDER** counsel for Borochoff to provide a copy of the Court's Order to Borochoff;

5.  **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6.  **DIRECT** the Clerk of Court to close the file administratively with leave of the parties to file a motion for dismissal or for entry of judgment within thirty days.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE